United States District Court
Middle District of Florida
Jacksonville Division

**DAVID NATHANIEL REESE,**

    *Plaintiff,*

V.                                          **NO. 3:18-CV-1186-J-32PDB**

**JUDGE VIRGINIA NORTON,**

    *Defendant.*

## Report & Recommendation

Without a lawyer, David Nathaniel Reese has filed a four-page handwritten document captioned, "David Nathaniel Reese v. Judge Virginia Norton," and titled, "Motion and Memorandum to Violation of Laws and Court Proceedings." Doc. 1. In the motion, he asks for leave to proceed as a pauper and appointment of counsel. This report and recommendation construes the filing as a complaint.

Mr. Reese filed the complaint on October 5, 2018.[1] Doc. 1. Although difficult to understand, the complaint appears to concern Mr. Reese's 2010 arrest for alleged

---

[1] Mr. Reese has filed four previous federal cases involving similar allegations. The Court dismissed the first case without prejudice, deeming it an attempt to bring a habeas petition and sending him a form to file a habeas petition. *See Reese v. Judge Charles W. Arnold, Jr.*, No. 3:12-cv-138-J-37TEM. The Court dismissed the second case without prejudice, explaining that he should raise his complaints in a habeas petition after exhausting state remedies and that any 42 U.S.C. § 1983 claim concerning his alleged wrongful conviction was premature. *See Reese v. David M. Gooding et al.*, 3:15-cv-521-J-39MCR. The Court dismissed the third case—a habeas petition—without prejudice because a state post-conviction proceeding was pending. *See Reese v. Fla. Att. Gen.*, No. 3:15-cv-617-J-34PDB. The Court dismissed the fourth case without prejudice, repeating that he should raise his complaints in a habeas petition after exhausting state remedies, explaining that any § 1983 claim must be raised using a proper civil rights complaint form, and ruling that the Court was without authority to investigate the Florida Department of Children and Families. *See Reese v. Department of Children & Families*, No. 3:15-cv-966-J-34MCR.

rapes of his daughters and an allegation that Judge Norton, Detective D.L. Beasley, and persons with the Florida Department of Children and Families conspired to illegally imprison him in the face of testimony of one girl that it had been her uncle who raped her. *See generally* Doc. 1. Mr. Reese alleges that files of a 2011 family law case involving the girls are missing, but it is unclear how the files or their alleged disappearance relate to Mr. Reese's concerns. *See generally* Doc. 1. Mr. Reese asks that the girls "be brought to open court to stand with [him] as [his] witnesses of the wrong that was done to them." Doc. 1 at 4.

State court records of the criminal case Mr. Reese references indicate that Judge Norton recused herself from the case on January 11, 2012; that Judge Charles Arnold entered judgment and placed Mr. Reese on probation on February 16, 2012; that Judge Russell Healey set aside probation, entered judgment, and sentenced Mr. Reese to a three-year term of imprisonment (with 552 days' credit) on September 17, 2014; and that Mr. Reese is no longer incarcerated or on probation in that case. *See State v. Reese*, No. 16-2010-CF-12213-AXXX-MA (Cir. Ct., 4th Jud. Cir., Duval County, Florida).[2]

---

[2]At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known within the court's territorial jurisdiction or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). A court may judicially notice information about a state case from the state court's database. *Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (unpublished) (citing cases); *see Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing plaintiff's civil rights complaint). Here, the Court may judicially notice the state court records because they can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned (the state court's docket).

Mr. Reese's current address is the Duval County Jail. Doc. 1 at 4. State records indicate he is there on a new criminal charge. *See State v. Reese*, No. 16-2018-CF-6900-AXXX-MA (Cir. Ct., 4th Jud. Cir., Duval County, Florida).

## Law & Analysis

A court "shall" dismiss an action by a plaintiff proceeding in forma pauperis "at any time" if the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

An action is frivolous if "the plaintiff's realistic chances of ultimate success are slight," including if an affirmative defense will defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990) (internal quotation marks omitted). An action fails to state a claim on which relief may be granted if, construing the pleading liberally and applying the Federal Rule of Civil Procedure 12(b)(6) standards, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the pleading fails to allege facts, accepted as true, that state a claim "that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a court must hold a complaint drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a court cannot rewrite a deficient complaint for a party or otherwise serve as his de facto counsel. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Liberally construing Mr. Reese's complaint, the only possible federal claim the undersigned can discern is under § 1983.[3] Section 1983 provides a cause of action

---

[3]For a federal court to have jurisdiction over a habeas petition, the petitioner must be in custody under a judgment of a state court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). Once a sentence has fully expired, the petitioner is no longer in custody for purposes of attacking the conviction through a habeas petition. *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989). Because Mr. Reese's three-year sentence imposed on September 17, 2014, expired by the time he filed the complaint in this action on October 5, 2018, this Court would be without jurisdiction to consider a habeas petition related to that state criminal conviction.

against any person who, acting under the color of state law, deprives a person of a federal right "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The statute of limitations for a § 1983 claim in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002).

Dismissal under § 1915(e)(2) is warranted because the action is frivolous for at least two reasons. The relief Mr. Reese requests against Judge Norton (that his girls "be brought to open court to stand with [him] as [his] witnesses of the wrong that was done to them," Doc. 1 at 4) is unavailable under § 1983,[4] and any § 1983 claim against Judge Norton would have expired at the latest on January 11, 2016 (four years after her recusal on January 11, 2012), making his October 5, 2018, complaint here untimely.

Under Federal Rule of Civil Procedure 15(a), a court should freely permit a plaintiff to amend his complaint if justice so requires. If a more carefully drafted complaint might state a claim, a litigant proceeding without a lawyer must be given at least one chance to amend the complaint before the court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). But dismissal with

---

[4]A state judge is absolutely immune from § 1983 liability for damages for an act taken in her judicial role if she did not act in the clear absence of all jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). Moreover, in *Heck v. Humphrey*, the Supreme Court held a plaintiff cannot bring a § 1983 claim for damages if judgment in his favor necessarily would imply the invalidity of a state conviction unless he shows the conviction had been reversed, expunged, declared invalid, or questioned by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 486–87 (1994).

Mr. Reese does not seek damages. *See generally* Doc. 1. Judge Norton would be would be immune from liability for damages for any act taken in her judicial role if she did not act in the clear absence of all jurisdiction, and *Heck* would bar any claim for damages if judgment would necessarily imply the invalidity of his state conviction.

prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Dismissing the complaint with prejudice and without leave to amend is warranted. For the same reasons that the action is frivolous, leave to amend would be futile.

### Recommendation[5]

The undersigned recommends dismissing the action with prejudice and **directing** the Clerk of Court to close the case.

**Entered** in Jacksonville, Florida, on November 26, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: David Nathaniel Reese #2018025021
500 East Adams Street
Jacksonville, FL 32202

---

[5]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.